IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ESSEX INSURANCE COMPANY,    )
    )
    Plaintiff,    )
    )    No. 06 C 3743
    v.    )
    )
CITY OF CHICAGO, PATTISON    )
ASSOCIATES, LLC, and JAMES SYKES,  )
    )
    Defendants.    )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff Essex Insurance Company ("Essex") brings the present action seeking

declaratory relief against Defendants the City of Chicago (the "City"), Pattison Associates, LLC

("Pattison Associates"), and James Sykes ("Sykes") pursuant to the Court's diversity

jurisdiction.[1] *See* 28 U.S.C. § 1332. Before the Court is Essex's and the City's Cross-Motions

for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c). For the following

reasons, the Court grants Essex's motion and denies the City's motion.

## BACKGROUND

### I.    Introduction

Essex is a corporation organized under the laws of the State of Delaware with its

principal place of business in the State of Virginia. (R. 40-1, Defs.' Rule 56.1 Stmt. Facts ¶ 1; R.

45-1, Pl.'s Rule 56.1 Stmt. Facts ¶ 1.) The City is an Illinois State municipal corporation

operating in Cook County, Illinois, with its principal place of business in Illinois. (Defs.' Stmt.

_____

[1] On October 10, 2006, the Court granted Essex's Motions for Default Judgment against
both Sykes and Pattison Associates. (R. 19-1.)

Facts ¶ 2; Pl.'s Stmt. Facts ¶ 2.)  Pattison Associates is a limited liability company with its

principal place of business in Chicago, and James Pattison, who is a citizen of Illinois, is the only

member of Pattison Associates.[2]  (Pl.'s Stmt. Facts ¶ 3.)  James Sykes, a citizen of Illinois, is the

plaintiff in the underlying lawsuit against the City, Pattison Associates, Upright Plumbing, and

Abdullah & Sons Plumbing, among others, involving an accident that happened on April 11,

2005 at a construction job site at 6137 S. Martin Luther King Drive in Chicago ("job site").

(Defs.' Stmt. Facts ¶ 5.)  At the job site, Pattison Associates was the general contractor who

subcontracted to Upright Plumbing who in turn subcontracted to Abdullah & Sons, the employer

of Sykes.  (*Id.* ¶ 6; Pl.'s Stmt. Facts ¶ 13.)  In his First Amended Complaint at Law brought in

the Circuit Court of Cook County, Sykes asserted that the trench – where the accident occurred –

was in a dangerous condition and the defendants failed to maintain, inspect, barricade the work

site, and mark the trench and nearby electrical lines.  (Defs.' Stmt. Facts ¶ 7; Pl.'s Stmt. Facts ¶

15.)

## II.     Sykes' First Amended Complaint at Law

In Count I of his First Amended Complaint at Law in state court, Sykes alleged a

negligence claim against the City for certain acts or omissions, including that the City:

(a)     Improperly operated, managed, maintained and controlled the aforesaid
        trench so that as a direct and proximate result thereof, the Plaintiff was
        injured.

(b)     Caused, allowed and permitted the aforesaid trench to become and
        remain in a dangerous condition.

---

[2]  Because the citizenship of a limited liability company is that of its members and
Pattison is the only member of Pattison Associates, diversity jurisdiction in this lawsuit is
complete. *See Hicklin Eng'g, L.C. v. Bartell,* 439 F.3d 346, 347 (7th Cir. 2006); *Cosgrove v.
Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998).

(c)     Failed to barricade access to the trench after removing markers showing locations of underground electrical lines.

(d)     Failed to make a reasonable inspection of the aforesaid trench, when the Defendant knew, or should have known, that said inspection was necessary to prevent injury to Plaintiff.

(e)     Failed to warn the Plaintiff of the dangerous condition of said trench, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff.

(f)     Removed or obscured markings indicating locations of energized underground electrical lines.

(g)     Failed to replace or re-mark the locations of underground energized electrical lines.

(Pl.'s Stmt. Facts ¶ 16, Ex B, Sykes Compl, Count I ¶ 5.)  Sykes further alleged that as a direct and proximate result of one or more of these acts or omissions, he sustained severe and permanent injuries, both externally and internally, when he unknowingly struck an energized power line while working.  (*Id.*, Ex. B, Sykes Compl., Count I ¶¶ 6, 7.)  The remaining counts in Sykes' state law complaint are against Pattison Associates and subcontractors at the construction job site, including Abdullah & Sons, Sykes' employer.  (*Id.*, Ex. B., Sykes Compl., Counts II & III.)

III.    **Essex's Commercial General Liability Policy**

Pattison Associates purchased a Commercial General Liability Policy from Essex, Policy Number 05 GLP1007501, that was effective on the date of the accident.  (Defs.' Stmt. Facts ¶ 8.) Pattison Associates tendered the *Sykes* case to Essex for its defense and indemnification.  (*Id.* ¶ 9.)  Essex responded to Pattison Associates with a Reservation of Rights Letter stating that the defense of the *Sykes* case was contingent on the exhaustion of a $25,000 Self Insured Retention

Endorsement ("SIR"). (*Id*. ¶ 10; Pl.'s Stmt. Facts ¶ 8.) On April 5, 2006, the City tendered its

defense and indemnification to Essex as an additional insured on Pattison Associates' policy.

(Def.'s Stmt. Facts ¶ 11.) On July 6, 2006, Essex denied coverage to the City and rejected the

City's tender of the defense and indemnity based on policy's provisions in the SIR, the

Additional Insured Endorsement, and the Independent Contractor's Conditional Exclusion. (*Id.*

¶ 13.)

IV.     **Relevant Provisions of the Essex Insurance Policy**

      A.     **Additional Insured – State or Political Subdivision Endorsement**

      The City of Chicago Department of Construction & Permits is listed as a State or

Political Subdivision on the Additional Insured Endorsement of the relevant policy, which reads

in relevant part:

> WHO IS AN INSURED (Section II) is amended to include as an insured any state
> or political subdivision shown in the Schedule, subject to the following additional
> provisions:
>
>     1.    This insurance applies only with respect to operations
>         performed by you or on your behalf for which the state or
>         political subdivision has issued a permit....

(Pls.' Stmt. Facts ¶ 10.)

      B.     **Independent Contractor's Conditional Exclusion**

      The Essex Policy also contains an Independent Contractor's Conditional Exclusion that
provides in relevant part:

> It is hereby understood and agreed that no insurance coverage is provided under this
> policy to defend or indemnify any insured for "bodily injury" or "property damage"
> arising out of acts of Independent Contractors unless you meet the following conditions:
>
>     You will obtain certificates of insurance from all independent contractors
>     providing evidence of:

1.	Limits of liability equal to or greater than the coverages provide by this policy;

2.	Commercial General Liability coverage equal to or broader than the coverages provided by this policy.

3.	Workers Compensation Insurance in compliance with the statutes of the applicable states.

4.	Independent Contractors must name the Named Insured as an additional insured.

Failure to comply with this condition will exclude coverage for acts of Independent Contractors.

(*Id*. ¶ 11.) It is undisputed that Pattison Associates did not obtain any insurance certificates from

Abdullah & Sons, Sykes's employer. (*Id*. ¶ 12.)

## C.	Self-Insured Retention Endorsement

The Self-Insured Retention Endorsement states in relevant part:

It is understood and agreed that such insurance as provided by this policy, specifically the Insuring Agreement and Supplementary Payments Provisions are modified and subject to the following provisions:

1.	The total limit of the Company as stated in the policy, specifically the Insuring Agreement and Supplementary Payments Provisions are modified and subject to the following provisions:

Self Insured Retention:	$25,000  per occurrence
XXXX   per claim
....
Compliance with this clause is a condition precedent for coverage under this policy. In the event of the failure of the Insured to comply with this clause, no loss, cost or expense shall be payable by the Company.

(Pl.'s Stmt. Facts ¶ 8.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." Fed. R. Civ. P 56(c). A genuine issue of material fact exists if "the evidence is

such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining

summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving

party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 127 S.Ct. 1769, 1776

(2007). The party seeking summary judgment has the burden of establishing the lack of any

genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548,

2552, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is

made, the adverse party 'must set forth specific facts showing that there is a genuine issue for

trial.'" *Anderson v. Liberty Lobby*, 477 U.S. at 255 (quoting Fed R. Civ. P. 56(e)).

**ANALYSIS**

**I.      Illinois Contract Principles**[3]

Under Illinois law, "an insurance policy is treated as any other contract and is subject to

the same rules of construction." *Geschke v. Air Force Ass'n,* 425 F.3d 337, 342 (7th Cir. 2005).

Illinois courts adhere to the "four corners rule" of contract interpretation, which provides that

"an agreement, when reduced to writing, must be presumed to speak the intention of the parties

who signed it. It speaks for itself, and the intention with which it was executed must be

determined from the language used. It is not to be changed by extrinsic evidence." *Davis v.*

*G.N. Mortgage Corp.,* 396 F.3d 869, 878 (7th Cir. 2005) (internal quotations omitted) (citing *Air*

---

[3] The parties do not dispute that Illinois law governs the Court's analysis.

*Safety, Inc. v. Teachers Realty Corp.,* 185 Ill.2d 457, 236 Ill.Dec. 8, 706 N.E.2d 882, 884

(1999)).  In other words, Illinois courts interpret unambiguous contract terms according to their

plain meaning.  *Utility Audit, Inc. v. Horace Mann Serv. Corp.*, 383 F.3d 683, 687 (7th Cir.

2004) (citing *Trade Ctr. v. Dominick's Finer Foods,* 304 Ill.App.3d 931, 238 Ill.Dec. 230, 711

N.E.2d 333, 335 (1999)); *see also PPM Fin., Inc. v. Norandal USA, Inc.,* 392 F.3d 889, 892 (7th

Cir. 2004) (if contract provisions' language is clear and unambiguous, court ascertains parties'

intent exclusively from contract's language).  A contract provision is ambiguous if it is subject to

more than one reasonable interpretation.  *PPM Fin.,* 392 F.3d at 893 (citing *Lapham-Hickey*

*Steel Corp. v. Prot. Mut. Ins. Co.,* 166 Ill.2d 520, 211 Ill.Dec. 459, 655 N.E.2d 842, 846 (1995)).

Under Illinois law, the interpretation of an unambiguous contract is a question of law.  *Utility*

*Audit, Inc.*, 383 F.3d at 687.

## II.      Additional Insured – State or Political Subdivision Endorsement

Essex contends that it has no duty to defend the City against Sykes' negligence claim in

Count I of Sykes' state court complaint because the State or Political Subdivision Endorsement

does not provide coverage under the circumstances, namely, Sykes is seeking damages from the

City for the City's own direct negligence.  In determining whether Essex has a duty to defend the

City from Sykes' lawsuit, the Court must compare the facts as alleged in Sykes' state court

complaint to the insurance policy's relevant provisions.  *See Valley Forge Ins. Co. v. Swiderski*

*Elec., Inc.,* 223 Ill.2d 352, 363, 307 Ill.Dec. 653, 860 N.E.2d 307  (Ill. 2006).  "The allegations

must be liberally construed in favor of the insured."  *Id.*

Essex relies upon the following language of the State or Political Subdivision

Endorsement:

WHO IS AN INSURED (Section II) is amended to include as an insured any state or political subdivision shown in the Schedule, subject to the following additional provisions:

1.     This insurance applies only with respect to ***operations performed by you or on your behalf*** for which the state or political subdivision has issued a permit....

(Pl.'s Stmt. Facts ¶ 10.) (emphasis added).

In his state court complaint, Sykes alleges a separate negligence claim against the City. Specifically, in Count I, he alleges that as a direct and proximate result of the City's acts or omissions, he sustained severe and permanent injuries, both externally and internally, when he unknowingly struck an energized power line while working.  (Pl.'s Stmt. Facts 16, Ex. B, Sykes Compl., Count I ¶¶ 6, 7.)  In other words, Sykes' allegations in Count I against the City are not in relation to the operations that Pattison Associates performed or that any sub-contractor performed on Pattison Associates' behalf.  Instead, Count I focuses on the City's independent acts of negligence.  In fact, in the its Memorandum in Support of its Motion for Summary Judgment, the City admits that "[a]n examination of the Sykes pleading shows that each co-defendant is alleged to have done acts of negligence independently of each other."  (R. 39-1, Def.'s Mem., at 11.)  The City further states that the "allegations against the City and Pattison LLC are 'stand alone' allegations insofar as the negligence is directly attributable to each of them individually."  (*Id*. at 12.)  Finally, the City states in its brief that "[n]o derivative liability is involved in the Sykes complaint."  (*Id.*)

Because the unambiguous language of the insurance policy states that the State or Political Subdivision Endorsement "applies only with respect to operations performed by you or on your behalf," Essex does not have the duty to defend the City because Sykes is suing the City

for its own negligent acts or omissions. The City does not dispute that the language "you or on

your behalf" refers to Pattison Associates, the insured under the policy. Instead, the City

contends that because it issued Pattison Associates work permits for the construction job site, the

City is covered by the State or Political Subdivision Endorsement based on the following

highlighted language: "This insurance applies only with respect to operations performed by you

or on your behalf *for which the state or political subdivision has issued a permit*."

The City's argument – that by issuing Pattison Associates a permit to work at the job site

it is entitled to insurance coverage for any negligence claim brought against it at the job site – is

simply untenable. First, for the City's reading to be correct, the Court would have to ignore the

policy language that this "insurance applies only with respect to operations performed by you

[Pattison Associates] or on your [Pattison Associates'] behalf." As Illinois law instructs, "an

insurance policy is to be construed as a whole, giving effect to every provision, if possible,

because it must be assumed that every provision was intended to serve a purpose." *Valley Forge

Ins.,* 223 Ill.2d at 362-63. Second, adopting the City's reading of the policy language would lead

to absurd results. *See Bond County Cmty. Sch. Dist. No. 2 v. Indiana Ins. Co.,* 269 Ill.App.3d

488, 499, 207 Ill.Dec. 331, 647 N.E.2d 293 (Ill. 1995) ("insurance policy provisions are not to be

construed so as to yield absurd results"). Under the City's theory, for example, Essex would

have the duty to defend any action brought against the City at the job site, such as an action of

negligent supervision if a City employee assaulted someone at the job site. Finally, the duty to

defend "must be determined solely from the allegations of the complaint in the underlying suit,"

and thus the City's reliance on the permits issued to Pattison Associates cannot save the day. *See

National Union Fire Ins. Co. v. Glenview Park Dist.,* 158 Ill.2d 116, 124, 198 Ill.Dec. 428, 632

N.E.2d 1039 (Ill. 1994).

Accordingly, from the face of Sykes' state court complaint, it is clear that the facts as alleged do not bring the City within the coverage as an additional insured under the State or Political Subdivision Endorsement of the Essex insurance policy. *See Valley Forge Ins.,* 223 Ill.2d at 363. Finally, because the Court concludes that Essex does not have the duty to defend the City in the Sykes' state court litigation based on the State or Political Subdivision Endorsement, the Court need not address the parties' arguments concerning the exhaustion of the $25,000 Self-Insured Retention provision or the Independent Contractor's Conditional Exclusion of the insurance policy.

## CONCLUSION

For these reasons, the Court grants Plaintiff's Motion for Summary Judgment and denies Defendants' Motion for Summary Judgment.

**Dated:** October 5, 2007

**ENTERED**

**AMY J. ST. EVE**
**United States District Judge**